UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SCOTT THOMAS JESSIE                                                                        PETITIONER

VERSUS                                                 CIVIL ACTION NO. 1:20CV227-TBM-RPM

BOBBY FAIRLEY                                                                              RESPONDENT

### REPORT & RECOMMENDATIONS

Scott Thomas Jessie, proceeding *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the calculation of his sentence. In 2010, Petitioner entered a guilty plea to drug charges, but the Court withheld adjudication of guilt pending Petitioner's successful completion of a drug court program. Doc. [10-2]. Eventually, Petitioner was convicted of the drug charges in 2012, but was later released on probation. Doc. [10-3] [10-5]. On June 22, 2018, the Circuit Court of George County, Mississippi entered an order revoking Petitioner's probation. Doc. [10-8]. In the instant petition, he seeks (1) credit for county jail time from June 16, 2020 to September 24, 2020; and (2) "street time" credit from February 11, 2016 to February 29, 2019. Doc. [6]. In total, he seeks credit of 3 years, 3 months, and 17 days towards his sentence in the underlying drug convictions. *Id.* at 2. Petitioner clarifies that he does not seek to challenge the underlying convictions themselves. *See* Doc. [5] at 1; Doc. [6] at 1. He merely seeks credit towards the sentence for time served and for "street time". Respondent has filed a motion to dismiss arguing that there is no error in the calculation of Petitioner's sentence and that he failed to exhaust administrative remedies prior to bringing the instant petition. Doc. [10]. Petitioner has not filed a response in opposition.

## Law and Analysis

Petitioner's contention that he should receive credit for time served in county jail from June 16, 2020 to September 24, 2020, is without merit. The trial court sentenced Petitioner on June 18, 2020[1], because he violated conditions of post-supervised release. Doc. [10-8]. As reflected on his Inmate Time Sheet, Petitioner received credit for two days served in county jail for June 16 and June 17, 2020. Doc. [10-9]. The trial court ordered Petitioner to serve the remainder of his original sentence in the custody of the MDOC; therefore, any time served from the date of sentencing (June 18, 2020) going forward counted towards his current sentence. *See* Doc. [10-8]. He is not entitled to double counting for time served in custody after June 18, 2020.

Petitioner's request for "street time" credit fails to state a constitutional claim. He appears to be referring to earned-discharge credit, which falls under Miss. Code Ann. § 47-7-40(1). The Inmate Time Sheet indicates that Petitioner received earned-discharge credit from February 11, 2016, through November 30, 2018. Doc. [10-5]. There is nothing in the record reflecting whether he received earned-discharge credit after November 30, 2018. Nevertheless, Petitioner has no constitutional liberty interest in earned-discharge credit. *See Jamison v. King*, 2020 WL 3490060, at *3-4 (N.D.Miss. June 26, 2020); *Gates v. Johnson*, 2020 WL 1276100, at *2-3 (N.D.Miss. Mar. 17, 2020). Whether to award earned-discharge credit is discretionary and a matter of Mississippi state law. *Ibid.* Consequently, the decision not to award earned-discharged credit is not reviewable through a petition for writ of *habeas corpus*. *Ibid.*

Even if there were merit to the instant petition, he failed to exhaust state remedies prior to filing the instant § 2254 petition. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v.*

---

[1] The order of revocation was entered in open court on June 18, 2020; but was not filed until June 22, 2020.

*Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In order to exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id*.

In his petition, Petitioner indicates he did not seek further review of his claims in state court; nor did he raise the issues through a post-conviction motion or petition for habeas corpus in the state trial court. Doc. [1] at 2-3, 6. Counsel for Respondent represents that a review of the docket of the George County Circuit Court reflects that Petitioner has not filed any post-conviction filings challenging the calculation of his time. Doc. [10] at 7. Copies of the docket sheets confirm that Petitioner did not file any post-conviction pleading subsequent to the state court's June 22, 2020, order of revocation. *See* Doc. [10-1]. Petitioner has not filed a response in opposition to Respondent's motion to dismiss and therefore does not dispute the fact that he failed to pursue remedies in state court prior to filing the instant petition.

Although it is apparent Petitioner did not exhaust, this Court has the discretion to hold the petition in abeyance to allow Petitioner to exhaust state remedies. However, the Supreme Court

3

in *Rhines* cautioned that a "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is only appropriate when the district court determines that there was good cause for petitioner's failure to exhaust and where the unexhausted claims are not plainly meritless. *Ibid*. In the instant case, Petitioner has not demonstrated good cause for failing to exhaust. Moreover, as addressed above, his claims are without merit.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [10] Motion to Dismiss is GRANTED, and that Scott Thomas Jessie's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied and dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 18th day of May 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE